UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM EDWARD BIALEK,

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION,

    Defendant.
_____/

Case No. 20-cv-11508

UNITED STATES DISTRICT COURT
JUDGE GERSHWIN A. DRAIN

**<u>ORDER OVERRULING PLAINTIFF'S OBJECTION [#16]; ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION [#15]; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [#11]; AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [#13]</u>**

## I. INTRODUCTION

This matter is before the Court on Plaintiff William Edward Bialek's ("Plaintiff") and Defendant Commissioner of Social Security's ("Defendant") Cross-Motions for Summary Judgment. The Court referred this matter to Magistrate Judge Curtis Ivy, Jr., who issued a Report and Recommendation on May 3, 2021, recommending that the Court deny Plaintiff's Motion for Summary Judgment (ECF No. 11), grant Defendant's Motion for Summary Judgment Motion (ECF No. 13), and affirm the Commissioner's decision. ECF No. 15. Plaintiff filed a timely Objection to that Report and Recommendation. ECF No. 16. Defendant filed its Response to this Objection on May 27, 2021. ECF No. 17.

1

Presently before the Court is Plaintiff's Objection to Magistrate Judge Ivy's Report and Recommendation. Upon review of the parties' briefing, the Court finds that oral argument will not aid in the resolution of this matter. Accordingly, the Court will resolve this matter on the briefs in accordance with E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the Court concludes that Magistrate Judge Ivy reached the correct conclusion. The Court will therefore **OVERRULE** Plaintiff's Objection [#16], **ACCEPT** and **ADOPT** the Report and Recommendation [#15], **DENY** Plaintiff's Motion for Summary Judgment [#11], and **GRANT** Defendant's Motion for Summary Judgment [#13].

## II. Background

Magistrate Judge Ivy's Report and Recommendation sets forth the relevant background in this case. The Court will adopt those findings here:

> Plaintiff alleges his disability began on June 19, 2015, at the age of 47. He filed an application for Title II, disability insurance benefits, on September 11, 2017. In his disability report, he listed major depression disorder, manic depressive disorder, bipolar disorder, major anxiety, panic attacks, catatonic depression, agoraphobia, precancer polyps in colon, chronic diarrhea, irritable bowel syndrome, and meniscus tears/arthritis in his knees as the injuries and conditions that limited his ability to work.
>
> Plaintiff's application was initially denied on October 30, 2017. On December 21, 2017, he requested a hearing before an Administrative Law Judge ("ALJ"). On February 19, 2019, ALJ Paul W. Jones held a hearing, at which Plaintiff and Toni McFarland, the vocational expert ("VE") in the matter, testified. On March 28, 2019, ALJ Jones issued an opinion, which determined Plaintiff was not disabled under sections

216(i) and 223(d) of the Act from June 19, 2015 through December 31, 2016.

Plaintiff submitted a request for review of the hearing decision. However, on April 6, 2020, the Appeals Council denied Plaintiff's request for review. Thus, ALJ Jones's decision became the Commissioner's final decision. Plaintiff timely commenced the instant action on June 10, 2020.

ECF No. 15, PageID.819–20 (internal citations omitted).

Magistrate Judge Ivy later summarized the ALJ findings as follows:

Pursuant to 20 C.F.R. § 404.1520(b)(4), at Step 1 of the sequential evaluation process, ALJ Jones found Plaintiff had not engaged in substantial gainful activity from June 19, 2015, the alleged onset date, through December 31, 2016, his date last insured ("DLI"). Through his DLI, Plaintiff had the following medically determinable impairments: obesity, left knee osteoarthritis, gastroesophageal reflux disease (GERD), diverticulitis, depressive disorder and anxiety disorder. At Step 2, ALJ Jones found that through the DLI, Plaintiff "did not have an impairment or combination of impairments that significantly limited the ability to perform basic work-related activities for 12 consecutive months; therefore, claimant did not have a severe impairment or combination of impairments." Thus, ALJ Jones concluded Plaintiff "was not under a disability, as defined in the Act, at any time from June 19, 2015, the alleged onset date, through December 31, 2016, the date last insured (20 CFR 404.1520(c))."

*Id.* at PageID.701–02 (internal citations omitted)

## II. LEGAL STANDARD

"The district court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g)." *Sparrow v. Comm'r of Soc. Sec.*, No. 15-cv-11397, 2016 WL 1658305, at *1 (E.D. Mich. Mar. 30, 2016). "The district court's review is restricted solely to determining whether the 'Commissioner

3

has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record.'" *Id.* (quoting *Sullivan v. Comm'r of Soc. Sec.*, 595 F. App'x 502, 506 (6th Cir. 2014)). "Substantial evidence is 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

"The Court must examine the administrative record as a whole, and may consider any evidence in the record, regardless of whether it has been cited by the ALJ." *Id.* "The Court will not 'try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility.'" *Id.* (quoting *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). "If the Commissioner's decision is supported by substantial evidence, 'it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion.'" *Id.* (quoting *Cutlip*, 25 F.3d at 286).

### III. DISCUSSION

Plaintiff raises one objection to Magistrate Judge Ivy's Report and Recommendation. For the reasons discussed below, the Court disagrees.

First, the Court agrees with Defendant that Magistrate Judge Ivy accurately set forth the holding in *Higgs v. Bowen*, 880 F.2d 880 (6th Cir. 1988) and applied the correct standard of review to the ALJ's decision. Magistrate Judge Ivy cited to

4

*Higgs* for the proposition that "an impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience." ECF No. 15, PageID.835 (quoting *Higgs*, 880 F.2d at 862). Moreover, Magistrate Judge Ivy highlighted that "[t]he mere diagnosis of [an ailment], of course, says nothing about the severity of the condition." *Id.* at PageID.835–36.

Contrary to Plaintiff's argument, Magistrate Judge Ivy did not misapply *Higgs*. Plaintiff places emphasis on two sentences in the Report and Recommendation:

> In this case, the record evidence does not suggest that Plaintiff's conditions rendered him unable to perform basic work activities. While the Premier Family Medicine records included notations observing Plaintiff's obesity, osteoporosis, GERD, anxiety, and depression, the records did not indicate that the conditions were severe enough to prohibit Plaintiff from performing basic work activities.

*Id.* at PageID.837. As Defendant correctly explains in its Response, Magistrate Judge Ivy's analysis was not limited to these two sentences. ECF No. 17, PageID.857. Rather, Magistrate Judge Ivy first addresses how the Sixth Circuit has found substantial evidence to support a finding of no severe impairment if the provided medical evidence does not contain any information regarding physical limitations or the intensity, frequency, and duration of pain associated with a condition. ECF No. 15, PageID.836 (citing *Sponsler v. Comm'n of Soc. Sec.*, No. 1:17-cv-822, 2018 WL 1173019, at *8 (N.D. Ohio Mar. 6, 2018)). Importantly,

5

Magistrate Judge Ivy then cited to two cases, *Burton v. Apfel*, 208 F.3d 212, 2000 WL 125823 (6th Cir. 2000) (unpublished table decision) and *Childrey v. Chater*, 91 F.3d 143, 1996 WL 420265 (6th Cir. 1996) (unpublished table decision), to show when the Sixth Circuit has reversed findings of no severe impairment in light of medical evidence demonstrating complexities of the plaintiffs' severe mental impairments. *Id.* at PageID.836–37. Magistrate Judge Ivy then quoted language from the aforementioned cases to distinguish the present matter, which constitutes the basis for Plaintiff's present Objection.

The Court agrees with Magistrate Judge Ivy's distinction between *Burton* and *Childrey* and the present case. In *Burton*, the Sixth Circuit determined that the ALJ's finding that the claimant had no severe mental impairment was not based on substantial evidence where the findings were "largely conclusory and based upon negative inferences." 2000 WL 125823, at *4. The court highlighted various aspects of the record to demonstrate that the claimant "easily" established step two of the five-step framework, including: (1) a treating physician's report that the claimant was "unable to work … due to the complexity of her health problems"; (2) an evaluating psychologist's report of claimant's various mental impairments; (3) another evaluating psychologist's evaluation who found that the claimant's ability to withstand the stress and pressure of daily work was "severely impaired" due to the combination of her psychological impairments; and (4) claimant's emergency

room treatment for several "attacks" and a "fast heart." *Id.* at *3. Similarly, in *Childrey*, the Sixth Circuit highlighted record evidence which impacted the claimant's ability to perform basic work activities. 1996 WL 420265, at *2. Importantly, the court noted the absence of any medical evidence in the record which contradicted the claimant's inability to perform her past work and care for herself alone. *Id.*

Here, Magistrate Judge Ivy highlighted the relevant record evidence surrounding Plaintiff's physical and mental impairments before concluding that substantial evidence existed to support the ALJ's decision. ECF No. 15, PageID.837–39. Specifically, Magistrate Judge Ivy emphasized, in regard to Plaintiff's physical impairments, that Plaintiff was instructed on multiple occasions to maintain the same or similar conservative treatment regiment throughout the observed period. *Id.* at PageID.838. Additionally, Magistrate Judge Ivy denoted Plaintiff's ability to engage in basic activities during this period. *Id.* As to Plaintiff's mental impairment, Magistrate Judge Ivy acknowledged instances in the record which could support an opposite conclusion—including where Plaintiff's distress was observed as moderate—before citing to several examples in the record indicating that Plaintiff did not have an impairment or combination of impairments that significantly limited his ability to perform basic work-related activities for twelve consecutive months. *Id.* at PageID.838–39. Specifically, Magistrate Judge

7

Ivy cited to six separate instances in the record to support his decision. *Id.* This analysis does not reflect a misunderstanding of the *Higgs* standard. Rather, Magistrate Judge Ivy used relevant language from the Sixth Circuit's decision, as well as the aforementioned cases where the Sixth Circuit reversed findings of no severe impairment, to distinguish the record evidence presented in this matter.

Moreover, the Court agrees with Defendant that Magistrate Judge Ivy correctly emphasized the deferential substantial evidence standard of review as set forth in *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009). Importantly, Plaintiff does not address this deferential standard in his present objection. In the Report and Recommendation, Magistrate Judge Ivy explained that two instances of treatment notes, specifically where Plaintiff's distress was observed as "moderate" and where he was observed as "hyperverbal", ECF No. 8, PageID.398, was insufficient to find that substantive evidence did not exist to support the ALJ's decision. *See* ECF No. 15, PageID.838. As indicated *supra*, an ALJ's decision is not subject to reversal, even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion. *Blakley*, 581 F.3d at 406 (citation omitted). Magistrate Judge Ivy cited to various pages of the record which demonstrate that substantial evidence supports the ALJ's finding that Plaintiff's conditions were non-

severe prior to December 31, 2016. ECF No. 15, PageID.838–39 (citing ECF No. 8, PageID.70–71, 72, 73, 308, 316, 319).

The Court takes notice of Plaintiff's citation to the evidence in his present objection, which he maintains "more than surpasses the threshold of being considered a 'slight abnormality' that only 'minimally' affected his ability to work during the relevant period." ECF No. 16, PageID.844–47. The ALJ considered and discussed the very evidence on which Plaintiff relies. The Court cannot reweigh this evidence at this juncture. *See Webb v. Comm'r of Soc. Sec.*, No. 2:16-cv-10015, 2017 WL 1164708, at *8 (E.D. Mich. Mar. 29, 2017) (citations omitted).

Next, the Court finds that Plaintiff's argument related to the Sixth Circuit's decision in *Maloney v. Apfel*, 211 F.3d 1269, 2000 WL 420700 (6th Cir. 2000) (unpublished table decision), *see* ECF No. 16, PageID.847, must also fail. Plaintiff argues that this matter is not similar to facts before *Maloney* and that Magistrate Judge Ivy's reliance on the decision was thus misplaced. Upon review of the Report and Recommendation, the Court agrees with Defendant that Magistrate Judge Ivy did not treat the *Maloney* decision as "binding or otherwise imbue it with great significance." ECF No. 17, PageID.862. Rather, Magistrate Judge Ivy cited to *Maloney* to support the conclusion that the medical record in this case is void of any indication that Plaintiff was unable to care for himself or perform basic daily or work-related activities. ECF No. 15, PageID.837. In *Maloney*, the Sixth Circuit

9

highlighted a lack of evidence regarding the claimant's limitations. 2000 WL 420700, at *2. Specifically, the court noted that "[e]ven if [the claimant] had documented her symptoms during her insured status, there was no disabling impairment that caused her to cease work. The mere diagnosis of [an impairment], of course, says nothing about the severity of the condition." *Id.* (internal quotation marks and citation omitted). Here, the Court does not find Magistrate Judge Ivy's citation to *Maloney* was improper; the citation rather properly supported Magistrate Judge Ivy's analysis of determining whether substantial evidence exists in the record to support the ALJ's finding that Plaintiff's conditions do not qualify as severe impairments.

The Court next looks to Plaintiff's argument related to Magistrate Judge's Ivy "reliance" on *Sponsler v. Comm'r of Soc. Sec.*, No. 1:17-cv-822, 2018 WL 1173019 (N.D. Ohio Mar. 6, 2019). ECF No. 16, PageID.849. Upon review of the Report and Recommendation, the Court also finds that Magistrate Judge Ivy's citation to *Sponsler* was not improper. Magistrate Judge Ivy cited to the out-of-district court's decision for its summary of Sixth Circuit case law regarding when an impairment is determined to be non-severe. ECF No. 15, PageID.836. Indeed, Magistrate Judge Ivy cites to the same decisions as the *Sponsler* court to set forth the proper standard. *See Sponsler*, 2018 WL 1173019, at *8. Other magistrate judges within this District have similarly cited *Sponsler* for its summary of controlling law in preparing their

respective recommendations. *See, e.g.*, *Schlacht v. Comm'r of Soc. Sec.*, No. 18-12125, 2019 WL 7586531, at *11 (E.D. Mich. Aug. 21, 2019).

Relatedly, in the same paragraph concerning his objection to Magistrate Judge Ivy's citation to *Sponsler*, Plaintiff argues that the ALJ's alleged failure to consider the medical opinions of his treating mental health providers after his date last insured constitutes a reversible error. ECF No. 16, PageID.850. This argument impermissibly challenges the ALJ's decision, rather than Magistrate Judge Ivy's Report and Recommendation. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (emphasizing that objections must address specific concerns with the magistrate judge's report and recommendation). While Plaintiff begins this portion of his objection by arguing that Magistrate Judge Ivy's reference to *Sponsler* is misplaced, *see supra*, he shifts his argument to the ALJ's decision. Accordingly, the Court declines to address this portion of Plaintiff's objection any further.

Next, Plaintiff challenges Magistrate Judge Ivy's discussion of his medical treatment notes and reported daily activities. ECF No. 16, PageID.851. Plaintiff asserts that the Report and Recommendation "glosses over the December of 2016 note – just prior to the expiration of Bialek's insured status – which showed that Bialek's established bipolar disorder was worsening, and that Dr. Giordano recommended that Bialek get into psychiatric treatment once his insurance was

11

reinstated." ECF No. 16, PageID.851. Importantly, however, Magistrate Judge Ivy denoted that the existence of evidence that might support an opposite conclusion does not impact the substantial evidence standard of review. ECF No. 15, PageID.838 (citing *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009)). Accordingly, even if Dr. Erika Giordano's treatment note would have supported an opposite conclusion,[1] it does not follow that Magistrate Judge Ivy should not have deferred to the ALJ's conclusion that Plaintiff's impairments were non-severe.

Moreover, the Court highlights that Dr. William Norton, the stage agency psychological consultant, reviewed Plaintiff's treatment notes before concluding that Plaintiff's mental impairments were non-severe. ECF No. 8, PageID.92–101. The ALJ permissibly relied upon Dr. Norton's expert opinion in making his determination, ECF No. 8, PageID.58, which constitutes substantial evidentiary support for the conclusion that the impairments were non-severe, *see Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 274 (6th Cir. 2015) ("[A]n ALJ is permitted to rely on state agency physician's opinions to the same extent as she may rely on

---

[1] The Court notes that Dr. Giordano recommended that Plaintiff obtain psychiatric treatment when his insurance was reinstated and that his bipolar disorder appeared to be "worsening." ECF No. 8, PageID.404. The ALJ acknowledged these findings in its analysis, *id.* at PageID.57, before ultimately determining that Plaintiff's mental impairments were non-severe pursuant to 20 C.F.R. 404.1520(a)(d)(1), *id.* at PageID.58.

opinions from other sources."). Specifically, the ALJ relied on Dr. Norton's expert opinion in evaluating the "paragraph B" criteria for Plaintiff's medically determinable mental impairments. ECF No. 8, PageID.57–58.

As to Plaintiff's argument that Magistrate Judge Ivy "missed the point" in upholding the ALJ's reliance on Plaintiff's reported activities, ECF No. 16, PageID.851, the Court again disagrees. Defendant correctly denotes the appropriate regulation that governs the evaluation of mental impairments. Specifically, the regulation asserts that "[i]nformation about your daily functioning can help us understand whether your mental disorder limits one or more of these areas [the paragraph B criteria]; and, if so, whether it also affects your ability to function in a work setting." 20 C.F.R. pt. 404, Subpt. P, App. 1, Listings 12.00F.3. It was thus permissible for Magistrate Judge Ivy to cite to evidence regarding Plaintiff's ability to live on his own, read, write, and do simple math. ECF No. 15, PageID.838–39.

Lastly, the Court finds that Plaintiff's argument related to his work and treatment history must also fail. In his objection, Plaintiff contests Magistrate Judge Ivy's decision to decline to consider whether the ALJ improperly relied on his gap in treatment or past earning capacity. ECF No. 16, PageID.853. The Court finds that Magistrate Judge Ivy did not err in determining that Plaintiff's argument was not persuasive. As indicated above, Magistrate Judge Ivy provided a thorough analysis as to whether substantial evidence existed in the record to support the ALJ's

13

conclusion that Plaintiff's conditions did not qualify as severe impairments, and ultimately concluded that the ALJ's decision was made pursuant to proper legal standards. ECF No. 15, PageID.837–39. To the extent that Plaintiff argues that the ALJ "improperly relied on" his gap in treatment or past earning capacity, ECF No. 16, PageID.853, the Court reiterates that objections must address specific concerns with a magistrate judge's report and recommendation, not the ALJ's decision, *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

In sum, for the reasons stated herein, the Court will overrule Plaintiff's Objection #1.

## IV. Conclusion & Order

Accordingly, the Court **OVERRULES** Plaintiff's Objection [#16] to Magistrate Judge Ivy's May 3, 2021 Report and Recommendation [#15]. Upon review of the Report and Recommendation, the Court concludes that Magistrate Judge Ivy reached the correct decision.

The Court hereby **ACCEPTS and ADOPTS** the Report and Recommendation [#15] as this Court's findings of fact and conclusions of law. Plaintiff's Motion for Summary Judgment [#11] is **DENIED**. Defendant's Motion for Summary Judgment [#13] is **GRANTED**.

**IT IS SO ORDERED.**

Dated: July 13, 2021

/s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 13, 2021, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager